The Honorable John Bynum Prosecuting Attorney Fifth Judicial District 312 W. 2nd, P.O. Box 1587 Russellville, AR 72801
Dear Mr. Bynum:
This is in response to your request for an opinion on the following question:
 Can a constable serve civil papers within his township and charge fees in accordance with Ark. Code Ann. § 21-6-307, with the understanding that all fees are to be paid into the county general fund?
Your opinion request is specifically addressed to civil process issued by municipal, circuit, and chancery courts. As a general proposition, a constable has the power to execute any process directed to him anywhere within his county. A.C.A. § 16-58-113(c) (1987). The question, then, is whether civil process issued by municipal, circuit, and chancery courts is or may be directed to a constable.
In several instances, process issued by the circuit and chancery courts is directed by statute to a constable. See, e.g.,
A.C.A. § 16-58-109(a) (1987), which provides that process issued by the probate court shall be directed to the sheriff, coroner, or a constable, at the option of the plaintiff. See also
A.C.A. § 16-58-112 and § 16-58-113 (1987), which provides that process may be directed to a constable when the sheriff is a party to or is interested in an action, or when the offices of both sheriff and coroner are vacant for any reason. As a general matter, however, civil process issued by the circuit and chancery courts is directed to the sheriff of the county in which these courts sit. See ARCP Rule 4(c) and (k). Rule 4(c) provides:
 Service of summons shall be made by (1) a sheriff of the county where the service is to be made, or his or her deputy; (2) any person not less than eighteen years of age specially appointed by the court for the purpose of serving a summons; and (3) in the event of service by mail pursuant to subdivision (d)(8) of this rule, by the plaintiff or an attorney of record for the plaintiff.
Under this Rule, a civil summons may be served by a sheriff or his deputy, or by a person appointed by the court to serve process. The court is also authorized to appoint someone to serve process by A.C.A. § 16-58-111 (1987). Rule 4(k) provides that any other civil process may be served in accordance with Rule 4(c), unless the process requires direct seizure of property, in which case service shall be made as otherwise provided by law.
The legislature has also provided for the service of summons in A.C.A. § 16-58-107 (1987). This section provides:
The summons may be served:
 (1) By the officer to whom it is directed unless he is a party to the suit or unless the plaintiff, or his agent or attorney, files with the clerk an affidavit to the effect that the obtaining of a sheriff or deputy to serve the summons will occasion such delay as to render it probable that the summons cannot be served in time; in this case the summons may be served by a jailer, coroner, or constable. The clerk shall endorse upon the summons that it may be served by the officer, and the return of the officer shall be evidence of the service to the same extent as if made by the sheriff;
 (2) By any person appointed by the officer to whom the summons is directed, by an endorsement on the summons, whose affidavit, endorsed thereon, shall be proof of the time and manner of service;
 (3) By any person not a party to the action, in all actions arising on contract for the recovery of money only, whose affidavit, endorsed thereon, shall be proof of the time and manner of service.
This provision would allow service of a summons by any person appointed by the officer to whom the summons is directed, generally the sheriff, by an endorsement on the summons. See
A.C.A. § 16-58-107(2). To the extent that it would allow the sheriff to appoint someone to serve a summons for him, this provision appears to conflict with Rule 4(c). The Arkansas Supreme Court has recently held that when such a conflict arises between a court rule and an act of the legislature, the court will defer to the General Assembly only to the extent that the court rule's primary purpose and effectiveness are not compromised; otherwise, the court's rule remains supreme. SeeState v. Sypult, 304 Ark. 5, S.W.2d (1990). Allowing the sheriff to appoint someone to serve a summons for him would not appear to compromise the primary purpose and effectiveness of ARCP Rule 4(c), which is presumably the prompt and accurate service of summons. For that reason, § 16-58-107(2) should be read as providing an additional method of service to that provided in Rule 4(c).
It is accordingly my opinion that with respect to service of a summons issued by the circuit or chancery court not already directed to a constable by law, the court may appoint a constable to serve the summons under Rule 4(c)(2), or the sheriff may appoint a constable to serve the summons for him under A.C.A. §16-58-107(2). With respect to other civil process of these courts, it is my opinion that a constable could only serve such process if appointed by the court under Rule 4(c)(2). Of course, with respect to any process that is to be served in the same manner as a summons, such as a writ of garnishment, see A.C.A. § 16-110-402 (1987), the sheriff could appoint a constable to serve such process under § 16-58-107(2).
With regard to service of civil process issued by municipal courts, Inferior Court Rule 5(a) provides that a summons of such courts shall be served by a sheriff or constable or any other person permitted to serve process under ARCP Rule 4(c). The legislature has also provided for service of process of municipal courts. Under A.C.A. § 16-17-224(a) (1987), civil process issued by a municipal court shall be directed to the constable of the township or to the sheriff of the county in which the court sits. This provision applies to municipal courts in cities with a population of 2,400 or more. See A.C.A. § 16-17-201 (1987). In such cities, which would include Russellville, the constable is authorized to serve civil process issued by a municipal court if any defendant in the cause resides in that township. Otherwise, the sheriff shall serve the process. § 16-17-224(a). This provision does not conflict with Rule 5(a), which authorizes service of process by a sheriff or constable. Thus, a constable is specifically authorized to serve some civil process issued by a municipal court.
In summary, some civil process of the municipal, circuit, and chancery courts already is or may be directed to a constable by law. With respect to other civil process of these courts, excluding process requiring direct seizure of property, which shall be made as otherwise provided by law, it is my opinion that ARCP Rule 4(c) and (k) would allow the court issuing the process to appoint a constable to serve that process. With respect to service of a summons and other process to be served in the same manner as a summons, it is my opinion that A.C.A. § 16-58-107(2) would allow the sheriff to appoint a constable to serve that process.
With regard to what fees a constable may charge for serving civil process, it is my opinion that if the provision establishing fees for constables, A.C.A. § 21-6-308, specifies an amount for the particular process served, it applies. For service of process originally directed to the sheriff, however, a constable should be entitled to the same fee the sheriff would have been entitled to under A.C.A. § 21-6-307 (1987). Several statutes indicate that this would be the proper reimbursement for the service. See
A.C.A. § 16-58-108 and § 16-58-113(d) (1987). Fees collected by constables for civil service of process should be deposited with the county treasurer in the constable's jurisdiction, in accordance with A.C.A. § 21-6-308 (1987). This provision does not state that these fees are to be paid into the county general fund, but presumably the county could provide to that effect by ordinance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General